Thomas F. LENNON, receiver for Securities and Exchange Commission; Plaintiff—Appellee,

Baker & McKenzie, Appellant,

v.

SECURITIES & EXCHANGE COMMISSION; Appellee,

Statutory Committee of Unsecured Creditors, Debtor—Appellant.

No. 00–56616.

D.C. No. CV–97–00352–WBE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2002.

Decided March 11, 2002.

Before PREGERSON, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM *

The law firm of Baker & McKenzie ("B & M") appeals the district court's determination in this bankruptcy case that certain fees requested by the firm, incurred during its representation of an official creditors' committee, were not reasonable or necessary and thus not allowed under § 330 of the Bankruptcy Code. We have jurisdiction under 28 U.S.C. § 158(d) and affirm.

We will affirm an award of attorney's fees in a bankruptcy case unless an abuse

of discretion or an erroneous application of the law is shown. See In re Jastrem, 253 F.3d 438, 442 (9th Cir.2001). We therefore will not reverse an award of attorney's fees unless we have a definite and firm conviction that the court below committed clear error in the conclusion it reached after weighing all of the relevant facts. See In re Auto Parts Club, Inc., 211 B.R. 29, 32 (B.A.P. 9th Cir.1997). We review findings of fact underlying the court's decision for clear error and conclusions of law de novo. See Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1147–48 (9th Cir.2001).

In making its fee determinations, it is sufficient for the district court to analyze a sampling of the billing statements submitted for review. See In re Maruko, Inc., 160 B.R. 633, 641–42 (Bankr.S.D.Cal.1993) (citation omitted) (noting that the district court does not need to "track down every entry"). An attorney requesting a fee award bears the burden of establishing that his services were actual, necessary, and reasonable as required by § 330. See In re Xebec, 147 B.R. 518, 524 (B.A.P. 9th Cir.1992).

B & M claims that the district court made clearly erroneous findings of fact regarding Committee misconduct. A review of the district court's opinion shows that while the district court may have characterized some Committee members as having a conflict of interest, its views of the Committee were not findings of fact on which its fee determinations were based. Although consideration of issues such as the potential self-interest of Committee members may have "initially persuaded the court to disallow the entire expense," its final fee determinations were based on an analysis of which attorney's fees it deemed to be reasonable and necessary

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

under § 330. B & M's claim that the district court's legal determinations were based on erroneous findings as to Committee misconduct is thus without merit.

B & M contends that the district court erred by applying the "substantial contribution" standard utilized under 11 U.S.C. § 503 of the Bankruptcy Code, rather than the reasonable and necessary standard under 11 U.S.C. § 330, in making its fee determinations. Although the district court does cite to a case which involves § 503 in its discussion, a review of the court's Memorandum Decision and of the language utilized by the district court in reducing the fee award clearly demonstrates that the district court properly based its decision on the reasonable and necessary standard under § 330.

B & M contends that the district court abused its discretion by reducing the amount of fees and expenses awarded to B & M based on its determination that they were not reasonable and necessary as required under § 330. B & M also claims that the district court improperly utilized a "meat-axe" approach, rather than the lodestar method, in making these reductions. Starting the fee determination process with the lodestar method may be customary, but it is not mandated in all cases. *See Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir.1991). While across-the-board or percentage based cuts are permitted in certain circumstances, *see Ferland*, 244 F.3d at 1150 (citations omitted), a review of the district court's decision reveals that such across-the-board cuts were not implemented in this case.

B & M provided the district court with lodestar figures for its fees based on the hours it had expended and variable rates it had charged in its representation of the Committee. From this amount, the district court made specific deductions in specific categories of requested fees. In fact, the district court in this case explicitly declined to implement an across-the-board 75% reduction as requested by the SEC. Further, the district court disallowed only those expenses and fees that it determined to be unreasonable and unnecessary under Section 330, and in so doing, provided explanations and legal support for each of the deductions. *Compare Ferland*, 244 F.3d at 1149 (finding an abuse of discretion where district court did not "set forth a concise but clear explanation of its reasons for choosing a given [ ] reduction."). The district court therefore did not abuse its discretion in reducing the amount of attorney's fees awarded to B & M.

AFFIRMED.